**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:

Derek S. Webster,

                    Debtor

Chapter 7
Case No. 18-10543

**ORDER HOLDING DEBTOR IN CONTEMPT AND IMPOSING CIVIL SANCTIONS**

Upon consideration of the Motion to Hold Debtor in Contempt [Dkt. No. 29] (the "Contempt Motion") filed by Nathaniel R. Hull (the "Trustee"), and after consideration of the Debtor's Response [Dkt. No. 30] and the record identified during the evidentiary hearing on March 2, 2021, the Contempt Motion is hereby GRANTED on the terms set forth in this order.

The Court finds, by clear and convincing evidence, that the Debtor agreed to the entry of (and therefore had notice of) the Order Granting the Trustee's Motion to Compel [Dkt. No. 27] (the "Turnover Order"); the Turnover Order created, in a clear and unambiguous way, obligations of the Debtor; and the Debtor failed to comply with the obligations imposed by the Turnover Order. *See* Project B.A.S.IC. v. Kemp, 947 F.2d 11 (1st Cir. 1991) (holding that a movant must prove, by clear and convincing evidence, that the alleged contemnor has violated an order that is clear and unambiguous). Beyond that, the Debtor did not offer any evidence that he is presently unable to comply with the payment schedule that he negotiated. *See* United States v. Rylander, 460 U.S. 752, 757 (1983) ("In a civil contempt proceeding such as this . . . a defendant may assert a *present* inability to comply with the order in question" but "in raising this defense the defendant has the burden of production."); *see also* United States. v. Puerto Rico, 642 F.3d 103, 108 n.8 (1st Cir. 2011) ("The alleged contemnor bears the burden of production in defending a contempt motion

based on inability to comply with the terms of the order in question."). For these reasons, the Court

concludes that Debtor's failure to comply with the Turnover Order constitutes contempt of Court.

This order is designed to accomplish two purposes: first, to coerce the Debtor to turn over

property of the estate (or the value thereof) in the amount of $1,683.28 as required by the Turnover

Order; and second to compensate the chapter 7 estate for the losses, in the form of legal fees and

expenses, incurred by the estate as a result of the Debtor's contempt of Court.

As to coercion, the Debtor has already been ordered to pay a total of $1,683.28 to the Trustee

pursuant to a weekly payment schedule under the Turnover Order. If he had adhered to that

schedule, he would have made incremental progress and his obligation would have been satisfied in

full no later than June 15, 2021. The Debtor's obligation to pay a total of $1,683.28 to the Trustee

remains in place and is reinforced by the terms of this order. If the Debtor fails to pay the Trustee

$1,683.28 in full on or before **June 15, 2021**, the Trustee may file a notice of nonpayment with the

Court and serve a copy on the Debtor and his counsel. Upon receipt of such notice of nonpayment,

the Court will, on its own motion, revoke the Debtor's discharge under 11 U.S.C. § 727(d)(3).

Revocation of the discharge will render certain debts nondischargeable in any subsequent

bankruptcy case filed by or against Debtor. *See* 11 U.S.C. § 523(a)(10).

As to compensation of the estate, the Debtor is ordered to pay the reasonable legal fees and

expenses incurred by the Trustee in connection with the Contempt Motion through and including the

hearing on March 2, 2021 (the "Compensatory Sanction"). On or before **March 12, 2021**, the

Trustee shall file a detailed statement of the services rendered, time expended, and expenses

incurred by counsel along with the amount of fees incurred by counsel in connection with the

Contempt Motion. The Debtor may object to the claimed fees and expenses, but only on the

grounds of reasonableness, and any such objection must be filed on or before **March 19, 2021**.

- 2 -

After that date, the Court will fix the amount of the Compensatory Sanction and issue an order

directing the Debtor to pay that amount to the Trustee in full on or before **June 15, 2021**.

To provide a measure of security for the Debtor's obligations under this order, the Internal

Revenue Service ("IRS") and Maine Revenue Services ("MRS") are hereby ordered to pay, to the

Trustee, any federal or state income tax refunds or credits that may be owed to the Debtor.  The

Trustee is ordered to serve a copy of this order on IRS and MRS or their counsel.  The Trustee may,

by written instruction signed by him and without further order of this Court, release the payment

instructions to IRS and MRS created by this order.  The Trustee shall promptly release the payment

instructions created by this order in the event and to the extent that the Debtor satisfies his

obligations to the estate (i.e., the $1,683.28 required under the Turnover Order and the amount of

the Compensatory Sanction) from other sources.  To the extent that the Trustee receives amounts

from IRS and/or MRS prior to the determination of the amount of the Compensatory Sanction, the

Trustee shall hold all such funds pending such determination.  Following the determination of the

amount of the Compensatory Sanction, the Trustee shall promptly remit to the Debtor any amounts

received in excess of the amount necessary to satisfy the Debtor's obligations hereunder.

Dated: March 4, 2021

_____

Michael A. Fagone
United States Bankruptcy Judge
District of Maine